#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MICHIGAN
#### SOUTHERN DIVISION

IN RE M/V MIELKE WAVE,

                                             Case No. 10-13519
                                             Hon. Lawrence P. Zatkoff

_____/

#### ORDER DENYING MOTION TO VIEW SCENE

      This matter is before the Court on Respondents Nicholas Martin, Jody Mandernach, mother and next friend of Timothy Mandernach, and Walter Morey's Motion for the Court to View the Scene [dkt 40]. Petitioner Michael Mielke, as owner of the M/V Mielke Wave, has filed a response. Respondents have not filed a reply and the time to do so has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Respondents' Motion for the Court to View the Scene is DENIED.

      On September 3, 2010, Petitioner filed a Petition for Exoneration from or Limitation of his Liability as owner of the M/V Mielke Wave regarding a collision of two boats on July 2, 2010, in the waters of Lake St. Clair. The M/V Mielke Wave, a 1983 32' Thunderbird boat, collided with a 1988 21' Wellcraft boat purportedly operated by Eric Morey. Eric Morey died as a result of the collision. Both boats had five occupants. Three of the five occupants aboard the 1988 Wellcraft have filed personal injury claims in this limitation proceeding. These three occupants are Respondents Walter Morey, Nicholas Martin, and Timothy Mandernach, whose claim is presented by his mother, Jody Mandernach. Cynthia Victor is the only occupant aboard the M/V Mielke that has filed a personal injury claim, however, she has not concurred in Respondents' Motion. This

action is set for a bench trial.

On August 12, 2011, Respondents filed the instant Motion.  According to Respondents, because the collision occurred on Lake St. Clair at approximately 12:30 a.m., Respondents believe that no evidence produced before the trier of fact will convey the difficult lighting conditions a boat operator encounters on Lake St. Clair.  Respondents are therefore requesting that the Court views the accident scene by boat on Lake St. Clair at approximately 1:00 a.m. and consider the viewing as evidence in this action.

It is within this Court's discretion whether viewing the scene of the accident that is subject to litigation is necessary.  *Northwestern Nat. Cas. Co. v. Global Moving & Storage Co.*, 533 F.2d 320, 323 (6th Cir. 1976).  A similar request was reviewed by the Eight Circuit in *Skyway Aviation Corp. v. Minneapolis, N. & S. R. Co.*, 326 F.2d 701 (8th Cir. 1964).  In *Skyway Aviation*, the court of appeals considered whether the trial court's refusal to take the jury to  view an aircraft involved in the case was an abuse of discretion.  *Id.* at 708.  The aircraft collided in midair with another airplane while approaching the airport for landing.  *Id.* at 702.  The request was made so that the jury could sit in the pilot's seat of the aircraft and determine the visibility from that location.  *Id.* at 708.  The trial court denied the request, finding that the evidence regarding the pilot's visibility already was presented to the jury by testimony of two witnesses.  *Id.*  The court of appeals affirmed the trial court's denial that viewing the airplane was cumulative evidence.  *Id.*

After reviewing Respondents' Motion and Petitioner's response, the Court finds that viewing Lake St. Clair at 1:00 a.m. is not necessary to appreciate the visibility conditions that the operators of the M/V Mielke and 1988 Wellcraft experienced on July 2, 2010.  First, similar to the reliance on two witnesses in *Skyway Aviation* regarding the visibility from the aircraft, Petitioner has shown

that testimony from the occupants of both boats will set forth the circumstances that occurred on July 2, 2010. This Court does not need to visit the scene to understand the lightning conditions on Lake St. Clair. Rather, such conditions will be deduced from the evidence presented to the Court during trial. Second, Respondents fail to set forth how visiting the scene after the accident will provide an accurate depiction of the lightning on Lake St. Clair as it was at the time of the accident. Accordingly, it is HEREBY ORDERED that Respondents' Motion for the Court to View the Scene [dkt 40] is DENIED.

    IT IS SO ORDERED.

                      S/Lawrence P. Zatkoff
                      LAWRENCE P. ZATKOFF
                      UNITED STATES DISTRICT JUDGE

Dated: September 13, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 13, 2011.

                      S/Marie E. Verlinde
                      Case Manager
                      (810) 984-3290